NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3288

MANUEL LAZARO,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

<u>Manuel Lazaro</u>, of Homestead, Florida, pro se.

<u>Sara B. Rearden</u>, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent.  With her on the brief were <u>B. Chad Bungard</u>, General Counsel; and <u>Joyce G. Friedman</u>, Acting Associate General Counsel for Litigation.

Appealed from:  Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3288

MANUEL LAZARO,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board
in AT3443080035-I-1.

_____

DECIDED:  January 9, 2009

_____

Before BRYSON, GAJARSA, and MOORE, Circuit Judges.

PER CURIAM.

## DECISION

Manuel Lazaro petitions for review of a decision of the Merit Systems Protection Board dismissing an appeal related to his veterans' preference rights.  We affirm.

## BACKGROUND

Mr. Lazaro unsuccessfully applied for several positions within the Department of Veterans Affairs ("DVA") in 2006.  After his attempts proved to be ineffective, Mr. Lazaro

began to consider whether his failure to obtain the employment he sought might have been attributable to the fact that his employment file failed to reflect that he was entitled to veterans' preference status under 5 U.S.C. § 3304(f). In an effort to have his employment file corrected, Mr. Lazaro filed a complaint, pursuant to 5 U.S.C. § 3330a, with the Veterans' Employment and Training Service within the Department of Labor. In that filing, he argued that he was a military veteran and that his form SF-50-B was incorrect in that it did not award him a five-point veterans' preference. A year later, when his veterans' preference status had still not been updated to reflect his military service, Mr. Lazaro appealed to the Merit Systems Protection Board pursuant to 5 U.S.C. § 3330a(d).

In the course of the appeal, Mr. Lazaro explained to the administrative judge assigned to the case that he had applied for Position Number MP-06-150-AC-IT Specialist GS7-9 and that his nonselection for that position led him to inquire why his veterans' preference status was not reflected on his Form SF-50 and in his records with the DVA. Mr. Lazaro explained that he was not seeking redress of his nonselection for that particular IT Specialist position but simply wanted to have his veterans' preference status updated.

In January 2008, the agency updated Mr. Lazaro's veterans' preference status to reflect a five-point preference and informed both Mr. Lazaro and the Board of the change. After that step was taken, Mr. Lazaro agreed to withdraw his appeal, and the administrative judge entered an order formally dismissing the appeal. However, in the opening sentence of the order dismissing the appeal, the administrative judge stated that the appeal arose from an allegation "that the agency violated his veterans'

preference rights by not selecting him for a position as a GS-7/9 Information Technologist Specialist under Vacancy Announcement No. MP-06-150-AC-IT." Mr. Lazaro objected to that characterization, claiming that the only issue in the case had been his entitlement to the five-point veterans' preference and that he had not alleged that the agency violated his rights by not selecting him for the Information Technologist Specialist position. Mr. Lazaro petitioned the full Board for review of the administrative judge's initial decision, asking the Board to "correct the record in this case to reflect that the appellant agreed to drop his appeal regarding his entitlement to a five point Veterans' preference which was the only issue before the Board." The DVA responded that it did "not object to the Initial Decision being amended to reflect that Appellant filed his appeal alleging violation of his veterans' preference rights" and that it was "amenable to an amendment of the Initial Decision, to correct what appears to be a clerical error." In response to the petition, the full Board found that there was neither new information presented nor any legal error in the administrative judge's initial decision and therefore denied Mr. Lazaro's petition for review. Mr. Lazaro petitions for review by this court.

## DISCUSSION

Mr. Lazaro does not allege that the Board failed to take into account any facts, applied the wrong law, failed to consider any ground for relief, or committed legal error. Instead, he comes to this court in an attempt to have the "Administrative Judge's initial decision . . . amended to reflect that the Appellant filed the appeal alleging violation of his Veterans' Preference rights." Mr. Lazaro notes that he had advised the administrative judge that he was not appealing from the agency's decision not to select

him for the position that was the subject of a particular vacancy announcement, but instead was appealing from the agency's refusal to recognize his veterans' preference rights in general. We agree with Mr. Lazaro that the gravamen of his claim was that he was entitled to a five-point veterans' preference. The administrative judge's characterization of his appeal as "alleging that the agency violated his veterans' preference rights by not selecting him for a position as a GS-7/9 Information Technologist Specialist under Vacancy Announcement No. MP-06-150-AC-IT" is at minimum too narrow. While Mr. Lazaro referred to his nonselection for that position in the course of the proceeding before the administrative judge, his submissions in that proceeding make clear that his appeal was broader in scope than that and focused on the veterans' preference issue.

While it is unclear how the administrative judge's characterization of his claim on appeal could have any prejudicial effect on Mr. Lazaro in the future, we take this occasion to obviate that risk by clarifying that Mr. Lazaro's claim was directed to the failure to recognize his veterans' preference rights, not as directed at a single particular hiring decision. With that clarification, and in light of agency's agreement to recognize Mr. Lazaro's veterans' preference rights, we see no need to direct any further proceedings in this case. The Board's order dismissing the appeal is affirmed.